**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4130**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFRED J. RANDALL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (CR-03-260)

_____

Submitted: July 9, 2004            Decided: July 26, 2004

_____

Before WILKINSON, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John W. Luxton, MORCHOWER, LUXTON & WHALEY, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Olivia N. Hawkins, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alfred J. Randall appeals his conviction, following a conditional guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). Randall contends that the district court erred in denying his motion to suppress evidence obtained following his arrest. Finding no reversible error, we affirm.

We review a district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). Randall's sole contention on appeal is that the arresting officer's failure to comply with Virginia law when arresting him constituted a violation of the Fourth Amendment. Because the "constitutional standard is not affected by the fact that state law may impose a more stringent arrest standard upon state police officers," Fisher v. Wash. Metro. Area Transit Auth., 690 F.2d 1133, 1138 (4th Cir. 1982), and Randall concedes that there was probable cause to arrest

him, we conclude that the district court did not err in denying Randall's motion to suppress.

Accordingly, we affirm Randall's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED